IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| TWAIN NEWMAN AYERS, | Cause No. CV 13-103-BLG-SEH-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK, Warden; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On August 5, 2013, Petitioner Twain Newman Ayers filed this action for writ of habeas corpus under 28 U.S.C. § 2254. Ayers is a state prisoner proceeding pro se.

The Court has not yet received the filing fee, 28 U.S.C. § 1914; Letter (doc. 1-3) at 1, and Ayers' petition is almost certainly procedurally barred, Order at 2, *Ayers v. Frink*, No. OP 13-0301 (Mont. June 5, 2013) (citing Mont. Code Ann. § 46-22-101) (doc. 1-1 at 16); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), and likely time-barred as well, Pet. (doc. 1) at 1-2. But there is no need to delay resolution of the

1

action on those bases.

Ayers claims that the trial judge should have recused herself after finding probable cause to support the filing of an Information because that finding made her part of the accusatory process and rendered her unable to be impartial. It has long been established that prosecution by Information is consistent with the federal guarantee of due process. *Hurtado v. California*, 110 U.S. 516, 538 (1884).

As Ayers does not make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), a certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED for lack of merit.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Ayers may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Ayers files objections, he must

itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Ayers from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ayers is cautioned that he must immediately inform the Court of any change in his mailing address</u>. Failure to do so may result in dismissal of this case without notice to him.

DATED this 7th day of August, 2013.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge